UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RXWOUND, LLC,

    Plaintiff,

v.                                      CASE NO. 3:25-cv-260-MMH-SJH

EXTREMITY CARE, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's amended motion to stay discovery ("Motion"), Doc. 43, and Plaintiff's response thereto, Doc. 44.

In addition to this action, Plaintiff has separately sued Defendant in the United States District Court for the Northern District of Illinois ("Illinois Action"). Defendant previously filed a motion ("Underlying Motion") arguing for dismissal of this action due to impermissible claim splitting; alternatively, the Underlying Motion argues that, if not dismissed, venue for this action should be transferred to the Northern District of Illinois or this action should be stayed entirely. Doc. 28. Plaintiff has responded in opposition to the Underlying Motion, Doc. 36, and, with leave, Doc. 41, Defendant has replied, Doc. 45. The instant Motion seeks to stay discovery pending a ruling on the Underlying Motion. Doc. 43.[1]

---

[1] This Order addresses only the request in the instant Motion to stay discovery pending a ruling on the Underlying Motion. Doc. 43. The Underlying Motion has not been referred

The Motion is due to be denied.[2] In limited circumstances, a dispositive motion might warrant a stay of discovery pending its resolution. *See In re LoanCare Data Sec. Breach Litig.*, No. 3:23-cv-1508-MMH-MCR, 2024 WL 2318147, at *1 (M.D. Fla. May 22, 2024). But such "is the exception, rather than the rule" and is generally disfavored. *See id.* at *1; *see also Gen. Dynamics Elec. Boat Corp. v. Skobic*, No. 3:24-cv-387-WWB-MCR, 2024 WL 4188363, at *3 (M.D. Fla. Sept. 13, 2024). Unilateral motions to stay discovery pending resolution of a dispositive motion "are rarely granted" and are reserved for "unusual circumstances" justifying a stay "upon a specific showing of prejudice or undue burden." *In re LoanCare Data Sec. Breach Litig.,* 2024 WL 2318147, at *1 (quotation omitted). Thus, motions to stay discovery are generally denied absent: (i) "a clear indication a case will be dismissed in its entirety"; and (ii) "a specific showing that discovery in [the] case presents the type of unusually prejudicial or burdensome circumstance which could warrant a stay" sufficient to carry the movant's burden of showing that a stay is necessary, appropriate, and reasonable. *Id.* (citations omitted).

Without commenting or expressing opinion on the merits of the Underlying Motion, the undersigned is not, based on a "preliminary peek" at the Underlying

---

to the undersigned, and nothing herein substantively addresses the requests in the Underlying Motion, including the (alternative) request therein to stay this action entirely. Doc. 28.

[2] Such is without prejudice to Defendant raising specific objections to particular discovery requests in accordance with the Federal Rules of Civil Procedure. *See Colson v. Cableview Commc'ns of Jacksonville, Inc.*, No. 3:09-cv-850-J-34JRK, 2010 WL 11507875, at *1 (M.D. Fla. Apr. 12, 2010).

2

Motion, convinced that a basis for dismissal of this action in its entirety "is so patently obvious as to warrant the exceptional relief of a stay." *Id.*; *see also Gen. Dynamics Elec. Boat Corp.*, 2024 WL 4188363, at *3; *Joens v. Nationstar Mortg., LLC*, No. 8:23-cv-2717-MSS-NHA, 2024 WL 865879, at *2 (M.D. Fla. Feb. 29, 2024).[3]

Moreover, Defendant has not made a specific and acute showing of prejudice or undue burden sufficient to warrant a complete stay of discovery, which may not be substantial given the scope and nature of this action (and Plaintiff's representations as to the limited discovery it may seek, *see* Doc. 44 at 7-8). *See Gen. Dynamics Elec. Boat*

---

[3] In short, the only basis for *dismissal* asserted in the underlying Motion is Defendant's argument concerning claim splitting. Doc. 28 at 6-9. But as Defendant acknowledges, this action was filed before the Illinois Action, and the doctrine of claim splitting, where applicable, appears to bar later-filed suits. *See id.* at 8-9 & n.2. The authority Defendant cites for its argument that "[t]his Court, as the first-filed jurisdiction, can decide that the second-filed case should proceed" appears primarily to support the alternative request in the Underlying Motion for a stay. *See id.* (citing *BC Waycross Spring Hill, LLC v. FL Spring Hill Cortez, LLC*, 8:22-cv-1397-MSS-TGW, 2022 WL 18492708, at *3 (M.D. Fla. Sept. 6, 2022). As discussed earlier, however, the undersigned will not, in resolving the (referred) request in the Motion to stay discovery, rule on the (unreferred) request in the Underlying Motion for a complete stay. *See supra* note 1. Of course, none of this is to say whether dismissal is or is not warranted—an issue pending in the Underlying Motion and not before the undersigned—only that a "preliminary peek" does not reflect such a "patently obvious" basis for dismissal as to warrant the exceptional relief requested in the Motion. *See In re LoanCare Data Sec. Breach Litig.*, 2024 WL 2318147, at *1; *see also Gen. Dynamics Elec. Boat Corp.*, 2024 WL 4188363, at *3; *Joens*, 2024 WL 865879, at *2. Finally, though the Underlying Motion alternatively seeks a transfer of venue, the undersigned is not convinced that such relief short of dismissal, even assuming *arguendo* it is justified, warrants the exceptional stay of discovery here. *See, e.g.*, *Arnold v. Target Contractors LLC*, No. 5:24-cv-276-ACC-PRL, 2025 WL 239476, at *2 (M.D. Fla. Jan. 17, 2025) ("After weighing the harm produced by delaying discovery against the possibility that the motion to transfer venue will be granted, the Court finds that the balance tips in favor of allowing discovery to move forward. Even if Defendant's motion to transfer venue is granted, this matter will still proceed and be litigated in the District of South Carolina.") (internal citations omitted); *Sonate Corp. v. Dunkin' Brands Grp., Inc.*, No. 6:22-cv-812-WWB-EJK, 2023 WL 2391709, at *1 (M.D. Fla. Mar. 7, 2023) (denying motion to stay discovery even after recommending motion to transfer venue be granted because "if the presiding District Judge adopts the undersigned's Report and Recommendation, this matter would not end, but would simply proceed in the District of Massachusetts").

*Corp.*, 2024 WL 4188363, at *3; *see also In re LoanCare Data Sec. Breach Litig.*, 2024 WL 2318147, at *1 ("Defendants fail to make a specific showing that discovery in this case presents the type of <u>unusually</u> prejudicial or burdensome circumstance which could warrant a stay.").

Accordingly, it is **ordered** that the Motion (Doc. 43) is **denied**.

**DONE AND ORDERED** in Jacksonville, Florida, on June 24, 2025.

_____
Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record